IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**SHAUNTERIA FLOWERS**                                                   **PLAINTIFF**

v.                                                        Civil Action No: 4:24-CV-008-DMB-DAS

**GREENWOOD LEFLORE
CONSOLIDATED SCHOOL
DISTRICT, MISSISSIPPI; SAMANTHA
MILTON, in her official and individual capacities, et. al.**

                                                                                 **DEFENDANTS**

                                                         **JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW, Plaintiff, Shaunteria Flowers, by and through counsel, and files this COMPLAINT against the Defendants Greenwood Leflore Consolidated School District (School District or GLCSD), Samantha Milton, GLCSD Board President, in her official and individual capacities; Dr. Kalanya Moore, Dr. Roshaun Bailey, Mrs. Jackie Lewis, and Ms. Magdalene Abraham in their official capacities as School District Board Members; and James Johnson-Waldington, in his official capacity as GLCSD Superintendent. In support thereof, Ms. Flowers respectfully states and alleges the following:

### I. INTRODUCTION

1. Plaintiff Shaunteria Flowers brings this civil rights and public employment retaliation action on the basis of multiple adverse employment actions in response to her proving truthful testimony at a grievance proceeding regarding Defendant Milton's discrimination on the basis of sex against former GLCSD Superintendent Dr. Mary Brown, who claimed Dr. Brown was incapable of fulfilling the role of Superintendent because she is a woman.

2. This action is for money damages, declaratory, and injunctive relief brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et. seq. ("Title VII") and 42 U.S.C. §§ 1981a and 1983.

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2201 and 42 U.S.C. § § 1983, 1985, 1986 and 1988 and denial of due process of the First and Fourteenth Amendments of the United States Constitution. This Court has subject-matter jurisdiction over this Complaint pursuant to 42 U.S.C. § 2000d-7 and 28 U.S.C. § 1331 because this action arises under the laws of the United States. Plaintiff's claims for declaratory relief arise under 28 U.S.C. §§ 2201 and 2202. Jurisdiction over the state law claims of Plaintiff Hudson is a way of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue lies in the United States District Court for the Northern District of Mississippi because the events and/or omissions giving rise to Plaintiff's claims occurred in Leflore County, Mississippi. Venue is appropriate in the United States District Court for the Southern District of Mississippi pursuant to 29 U.S.C. § 2617, 29 U.S.C. § 794, and 28 U.S.C. § 1391.

## III. PARTIES

5. Plaintiff SHAUNTERIA FLOWERS ("Plaintiff") is, and at all times material hereto was, an adult resident citizen of the State of Mississippi, residing in Leflore County, Mississippi. Plaintiff may be contacted through undersigned counsel.

6. Defendant Greenwood Leflore Consolidated School District is, and was at all times material hereto, a political subdivision of the State of Mississippi and the public employer of Defendants Samantha Milton, Dr. Kalanya Moore, Dr. Roshaun Bailey, Mrs. Jackie Lewis, and

Ms. Magdalene Abraham. The Greenwood Leflore Consolidated School District may be served with process upon Superintendent James Johnson-Waldington, 1901 Highway 82 West, Greenwood, Mississippi 38930.

## IV. FACTS

7. At all times material hereto, Plaintiff was an employee of the Greenwood Leflore Consolidated School District, primarily as an Administrative Assistant to the Superintendent/Board Clerk, commencing in or around 2010 through present day, reporting to the Superintendent.

8. Throughout the duration of her employment, Plaintiff has been an exceptional, loyal, and diligent employee with no disciplinary history.

9. On September 8, 2021, Plaintiff was called to testify in a grievance hearing against the Board President, Mrs. Samantha Milton. As a result of Ms. Flowers testifying at this hearing, she immediately began receiving retaliation against her from members of the school board.

10. On September 9, 2021, Plaintiff submitted a written complaint to the Board of Trustees regarding Ms. Milton's actions during the grievance hearing the day before.

11. On September 16, 2021, as a result of Plaintiff's complaint, the Board of Trustees ordered Ms. Milton to immediately refrain from directly contacting Plaintiff through email, telephone, or via text messages without a witness. Mrs. Milton did not adhere to this decision and continued to violate this order repeatedly and without regard for Plaintiff.

12. On February 11, 2022, the School Board again denied the superintendent's recommendations of Plaintiff being renamed the Executive Assistant to the Superintendent/Board of Trustees for the 2022-2023 school year.

13. On April 1, 2022, the School Board denied the superintendent's recommendations of Plaintiff being renamed the Executive Assistant to the Superintendent/Board of Trustees for the 2022-2023 school year. Plaintiff was the only classified employee who was not approved.

14. On April 4, 2022, Plaintiff received a letter, via email, from Dr. Brown, who stated that the Board of Trustees voted against her recommendation to approve the renewal of Plaintiff's employment for the 2022-2023 school year for the position of Executive Assistant for the Superintendent/Board of Trustees.

15. On April 11, 2022, Plaintiff emailed Dr. Mary Brown, Superintendent, and asked if she would provide a reason as to why the Board rejected and/or tabled Plaintiff's position. Dr. Brown informed Plaintiff that she did not have a reason to offer and further pointed out that Plaintiff was the only person on the list of classified personnel who was rejected and/or tabled for employment for the 2022-2023 school year.

16. On April 14, 2022, the School Board denied the superintendent's recommendations of Plaintiff being renamed the Executive Assistant to the Superintendent/Board of Trustees for the 2022-2023 school year. Although the Board rescinded their previous vote to reject/non-renew three other employees whose positions they claimed were a part of the organizational chart, the Board did not include Plaintiff in its re-vote, although her position was also included in the same organizational chart. Again, Plaintiff was singled out due to her testifying at the grievance hearing against the Board president, Ms. Milton.

17. On May 3, 2022, the School Board again denied the superintendent's recommendations of Plaintiff being renamed the Executive Assistant to the Superintendent/Board of Trustees for the 2022-2023 school year. In fact, the Board tabled the entire 2022-2023 personnel agenda item due to Plaintiff's name being included.

18. On May 11, 2022, Superintendent Dr. Brown again recommended to continue Plaintiff's employment as the Executive Assistant to the Superintendent/Board of Trustees for the 2022-2023 school year. Again, the Board did not "second" the recommendation, and the motion, therefore, did not advance. To ensure that Plaintiff retained her employment, Dr. Brown then recommended Plaintiff for a different position in a different department. The Board approved this recommendation.

19. On July 27, 2022, against the Board's policy on compensation guides and contracts, Plaintiff's salary was reduced by approximately $20,000 without her knowledge and without her agreeing to or signing any new employment agreement.

20.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

21. Ms. Flowers' Discrimination Charge was first submitted to the Equal Employment Opportunity Commission (EEOC) on or about April 4, 2022.

22. On October 27, 2023, the EEOC issued the Notice of Right to Sue.

23. This Complaint is filed within ninety (90) days of Ms. Flowers' receipt.

24. Plaintiff has satisfied all applicable administrative and procedural prerequisites.

## VI. CLAIMS FOR RELIEF

### Claim I – Retaliation

25. Plaintiff restates and incorporates by reference all preceding allegations.

26. Plaintiff engaged in protected activity – specifically, she testified at a grievance hearing concerning Defendant Samantha Milton's discrimination against then-Superintendent Brown on the basis of her gender.

27. After Ms. Flowers testified truthfully at the grievance hearing, Defendants began

5

retaliating against her, increasing her workload, harassing her, setting her up for poor performance reviews and commentary, and ultimately forcing Dr. Brown to issue her a letter of non-renewal, effectively denying her employment.

28. But for Ms. Flowers' testimony at the grievance hearing, she would have retained her position with the School District, maintained or increased her salary, wages, and earnings, and not had to endure months of harassment and disapprobation from all defendants.

29. As a direct and proximate result of the acts, omissions, and violations alleged above, Plaintiff has suffered damages, including but not limited to loss of pay, loss of seniority, mental anguish, inconvenience, emotional distress, and impairment of quality of life. Plaintiff is entitled to an order making her whole – specifically, with back pay, lost benefits and seniority, and compensatory damages.

30. Plaintiff is also entitled to an award of reasonable attorney's fees, including litigation expenses and costs, and costs for any and all appeals to other courts.

## Claim II – Violation of 42 U.S.C. § 1983

31. Plaintiff restates and incorporates by reference all preceding allegations.

32. The intentional acts of the Defendants in taking numerous adverse employment actions against her deprived her of advancement which is enjoyed by White colleagues.

33. The Defendants acted with malicious, willful or reckless disregard for the Plaintiffs rights as protected by 42 U.S.C. §1981

## Claim III – Violation of 42 U.S.C. § 1983

34. Plaintiff restates and incorporates by reference all preceding allegations.

35. Prior to July 27, 2022, the Greenwood Leflore Consolidated School District developed and maintained policies or customs exhibiting deliberate indifference to the rights and privileges

6

afforded to employees of the Greenwood Leflore Consolidated School District by federal law, which caused violation of Plaintiff's rights and privileges.

36. It was the policy and/or custom of the Greenwood Leflore Consolidated School District to fail to exercise reasonable care in hiring its supervisors, managers, and employees, thereby failing to adequately prevent violations of federal law on the part of its supervisors, managers, and employees.

37. It was the policy and/or custom of the Greenwood Leflore Consolidated School District to inadequately supervise and train its supervisors, managers, and employees, thereby failing to adequately prevent violations of federal law on the part of its supervisors, managers, and employees.

38. As a result of the above-described policies and customs, supervisors, managers, and employees of the Columbia School District believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned but would be tolerated.

39. The above-described policies and customs demonstrate a deliberate indifference on the part of the Greenwood Leflore Consolidated School District to the rights and privileges of employees afforded by federal law and were the cause of the violations of Plaintiff's rights and privileges alleged herein.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Shaunteria Flowers respectfully requests that this Court:

  A. Enter judgment in favor of Plaintiff and against Defendant;

  B. Award Plaintiff compensatory damages against Defendant for back pay, including but not limited to, lost wages, and other employment benefits;

  C. Award Plaintiff compensatory damages against Defendant for, but not limited

to, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

D. Award Plaintiff's counsel reasonable attorneys' fees and costs; and,

E. Grant Plaintiff any other general legal or equitable relief to which she may be justly entitled, as this Court may deem proper.

## VIII. JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all claims.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Summons be issued, and that upon a trial on the merits, Plaintiff be awarded the relief requested herein and such other and further relief to which she may be justly entitled.

Dated: January 25, 2024

Respectfully submitted,

BY: /s/ *Brandi R. Hamilton*
Brandi R. Hamilton (MSB #: 105116)
5171 Ebenezer Coxburg Road
Lexington, MS 39095
Telephone: (662) 582-0701
Email: brhamilton89@gmail.com

and